Appellant, Shelly Ann Franklin n.k.a. Burkey, appeals from an order of the Columbiana County Common Pleas Court, Domestic Relations Division, denying her motion for reallocation of parental rights and responsibilities regarding her two minor children. For the reasons set forth below, the judgment of the trial court is affirmed.
 I. STATEMENT OF FACTS
Appellant and appellee, Gary L. Franklin, were married in September 1991. Two female children were born as issue of said marriage in December 1991 and December 1992. In September 1995, appellant left appellee and took the children with her. While the children were visiting him, appellee filed for divorce and for temporary custody of the children. The next day, appellee was designated temporary residential parent.
On December 19, 1996, the magistrate held a status conference at which he deferred judgment on allocation of parental rights until after the parties attended mediation. The parties attended mediation and signed a separation agreement on April 11, 1996, which designated appellee as the residential parent and granted liberal companionship rights to appellant. On May 31, 1996, the magistrate incorporated the separation agreement into a final divorce and custody decree.
On March 17, 1997, appellant filed a motion to modify the courts prior custody order, alleging changed circumstances and asking that she be designated the residential parent. On July 14, the magistrate held a hearing on appellant's motion for modification and interviewed the children, ages four and five, at appellant's request. The magistrate found that the children lacked sufficient reasoning ability to make decisions about their living arrangements.
On July 23, the magistrate denied appellant's motion, finding an insufficient change of circumstances to warrant modification. The magistrate did, however, modify the visitation schedule to better suit appellant's work schedule.
After appellant objected to the magistrate's decision, the trial court reviewed the record and heard arguments. On September 30, 1996, the court affirmed the magistrates decision. The within appeal followed.
 II. ASSIGNMENTS OF ERROR
Appellant sets forth the following three assignments of error:
 "The trial court erred by entering a judgment against the manifest weight of the evidence whereby defendant presented overwhelming evidence establishing change of circumstances which constitutes an abuse of discretion."
 "The trial court erred by not finding that the harm likely caused by a change of environment is outweighed by the advantages of the change of environment."
 "The trial court erred by applying the improper standard that the court must determine a substantial change of circumstances has occurred to warrant a modification of parenting."
 III. STANDARD OF REVIEW
A trial court has the power to exercise broad discretion in child custody cases. Gardini v. Mover (1991), 61 Ohio St.3d 479,484; Trickey v. Trickey (1952), 158 Ohio St. 9, 13. A court's decision whether or not to modify a prior award of custody shall not be disturbed on appeal absent an abuse of discretion. Davisv. Flickinger (1997), 77 Ohio St.3d 415; Bechtol v. Bechtol.
(1990), 49 Ohio St.3d 21.
The precise standard for abuse of discretion as applied to custody cases was set forth in Bechtol as follows: "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court."Id. at syllabus. A reviewing court must affirm the decision of the trial court unless it determines that the court's refusal to reallocate parental rights was unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The traditional reason supporting this standard is that the trial court occupies the best position to evaluate the witnesses' credibility. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80-81. See, also, Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96. In the case at bar, the magistrate had the best opportunity to determine credibility. The trial court specifically found that the magistrate did not abuse her discretion by refusing to reallocate parental rights.
 IV. DISCUSSION
In the case sub judice, the trial court could not have modified its prior custody decree unless it found (1) that a change occurred in the circumstance of the children or appellee, the residential parent, (2) that the residential parent designation needed to be modified in order to serve the children's best interests, and (3) that the advantages from the custody change would outweigh any harm from such a change. R.C. 3109.04(E)(1)(a).
The magistrate found that there did not exist a change in circumstances sufficient to warrant modification of custody. The trial court, on the other hand, stated that there were no "substantial" changes that would warrant modification. Appellant correctly argues that the trial court applied a higher burden of proof than required by statute. In Flickinger, supra at 417-18, the Supreme Court stated that R.C. 3109.04(E)(1)(a) does not require a "substantial" change. However, the Court went on to hold that the change cited by the nonresidential parent cannot be slight or inconsequential but must be "of substance." Id. at 418.
Accordingly, we could remand and ask the court to apply the less stringent test that excludes the requirement of "substantially" changed circumstances. However, it must be remembered that "nomenclature is not the key issue." Id. The trial court stated the correct Flickinger test when it declared in its judgment entry that changed circumstances must be more than minor changes. Furthermore, the court's reasoning reflects the fact that there may not have, existed any changed circumstances relating to appellee and the children. The court stated that many issues which appellant claims are changes are merely misconceptions held by her about the state of appellee's life.
Appellant cites appellee's part-time college enrollment and full-time job as changed circumstances. However, appellee was in school since before the divorce and a financial affidavit submitted to the court by him in September 1995 revealed his student status. As to his employment status, the trial court's January 8, 1996 judgment entry states that appellee is employed full-time at Worthington Custom Plastics. Therefore, appellee's job status remained constant. Appellant also contends that the use of appellee's family members as babysitters is a changed circumstance. However, the magistrate found no changed circumstance because appellee's family watched the children before the court's 1996 custody decree, was journalized. These are not changed circumstances.
Appellant next contends that appellee's under driving the influence conviction is a changed circumstance. Appellee states that he was cited for this offense prior to the signing of the separation agreement in April 1996. He testified that appellant knew of the citation, but failed to use it against him until now. The magistrate was in the best position to judge which witness was more credible. Seasons Coal, supra at 80-81. Therefore, since the magistrate could reasonably believe either witness, we will not question the magistrate's determination on credibility.
Appellant also alleges that the fact that the children cry when she drops them off at appellee's house is a changed circumstance. She claims that the trial court incorrectly stated, "hearsay evidence regarding the children's wishes should not be considered." Appellant believes that this statement excluded the testimony about observing the children cry. However, the court did not refuse to consider such testimony. The courts statement about hearsay relates to appellant's testimony that she asked the children where they want to live "and they say they want to live with mommy." (Tr. 28). This is clearly hearsay which may not be considered. See R.C. 3109.04(B)(3), which disallows evidence such as a written or recorded statement of a child's desires.
Moreover, appellant filed an affidavit in support of her motion for modification that alleged that the she should be designated residential parent because appellee and the children lived in a crowded two-bedroom apartment with a male friend. At the hearing, appellant admitted that her sworn statement was incorrect, in that it was not a two-bedroom apartment that appellee shared with his friend but a five-bedroom house.
For the preceding reasons, it appears that the court had substantial competent and credible evidence before it to determine that there were insufficient changed circumstances to warrant modification of custody. However, because the trial court technically stated the incorrect test of "substantially" changed circumstances, we will continue our analysis.
In its September 20, 1997 judgment entry, the trial court stated:
 "Assuming arguendo, that there were substantial changes of circumstances, the record still does not support that it would be in the best interest of the children to modify parenting or that the harm likely to be caused by a change of environment would be outweighed by the change of environment."
Accordingly, even if the court had found changed circumstances of substance, the court would not have reallocated parental rights because it found that it was not in the children's best interests to move into an environment which would not offer benefits sufficient to counter the harm of such a relocation. As appellee urges, we must not substitute our judgment for that of the trial court.
Appellant alleges that the court incorrectly found that her children lacked sufficient reasoning ability to express their desire to live with her. When a court determines the best interests of a child involved in a custody dispute, the court must interview such child in chambers upon request of a party. R.C. 3109.04(B)(1). A court shall not determine a child's wishes and concerns with respect to allocation if it finds that the child lacks adequate reasoning ability. R.C. 3109.04(B)(2)(b).
The parties' children were four-and-one-half and five-and-one-half years old at the time of the interview in the magistrates chambers. The magistrate determined that the children lacked sufficient reasoning ability, and the trial court agreed after reviewing the sealed transcript of the interview. In this case, we refuse to substitute our judgment for that of the magistrate and the trial court on whether or not children as young as these should be deemed to have the reasoning ability to determine their future.
Appellant also argues that the children's best interests would be better served by having her as their residential parent because of appellee's alleged instability. She claims that appellee provides an unstable environment because he moved twice since the divorce and he utilizes four different family members as babysitters. However, appellant's last move was into a home which he purchased. Moreover, having two aunts and two grandparents as babysitters is not necessarily unstable. Furthermore, there exists a strong presumption in favor of maintaining the residential parent as initially designated. See R.C. 3109.04(E)(1)(a).
In Flickinger, the Court discussed R.C. 3109.04(E)(1)(a) by quoting the following enlightening passage from Wyss v. Wyss
(1982), 3 Ohio App.3d 412, 416:
 "The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment."
With this in mind, we cannot declare that the trial court abused its discretion when it refused to reallocate parental rights from appellee to appellant.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE